IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| DARRELL RAY HENRY, JR. | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-375-TWO |
| COVINGTON COUNTY, *et al.*, | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is currently detained in the Covington County Jail located in Andalusia, Alabama. He files this 42 U.S.C. § 1983 action complaining about the conditions of confinement in the county jail. Upon thorough review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

DISCUSSION

Plaintiff complains about several conditions at the Covington County Jail which he contends violate his right to be free from cruel and unusual punishment. Specifically, Plaintiff makes the following complaints:

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

• Prison officials are using chains, padlocks, metal plates welded with metal pins, belly chains, and shackles to ensure that cell doors remain secure;

• Plaintiff did not receive recreation time for eleven days;

• The panic buttons in the jail cells are inoperable.

The court understands Plaintiff's current status in the Covington County Jail to be that of a detainee.[2] As such, the conditions under which he is housed are evaluated under the Due Process Clause of the Constitution rather than under the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see Villarreal v. Woodham,* 113 F.3d 202, 207 (11th Cir. 1997) (recognizing that confinement of pretrial detainees is a "necessary restriction" to ensure their presence in court). "Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense, however.... And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Bell,* 441 U.S. at 537. "[I]n regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the Eighth Amendment for convicted persons." *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985). Thus, to determine the constitutionality of the conditions at the

---

[2]Nonetheless, as noted *infra*, no distinction is made in this circuit between the legal standards to be applied to a pretrial detainee's Fourteenth Amendment claims and a convicted felon's Eighth Amendment claims. *Hale v. Tallapoosa County,* 50 F.3d 1579, 1582 n. 4 (11th Cir.1995); *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11th Cir.1994); *Hamm v. DeKalb County,* 774 F.2d 1567, 1574 (11th Cir. 1986 ).

Covington County Jail, the court looks to "contemporary standards of decency," *Estelle v. Gamble,* 429 U.S. 97, 103 (1976), to ascertain whether those conditions deprived Plaintiff of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). More specifically, in order to violate due process, the conditions about which Plaintiff complains must, at a minimum, have deprived him "of a single human need." *Wilson v. Seiter,* 501 U.S. 294, 305 (1991).

*1. Cell Security*

Plaintiff essentially complains that the manner in which jail personnel maintain cell security is excessive. The fact that jail officials utilize a variety of locking devices to ensure the security of each cell, which, in turn, helps to ensure the security of the detention facility, its employees and inmates, does not deprive Plaintiff of any right, privilege or immunity secured by the Constitution or laws of the United States, *see Parratt v. Taylor*, 451 U.S. 527 (1981*),* much less allege a deprivation sufficient to implicate the Constitution. *Cf. Rhodes*, 452 U.S. at 247(only actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment). Because this claim fails to state a cognizable claim, it is subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

*2. The Recreation Claim*

3

Plaintiff complains that for an eleven day period (March 28-April 14, 2005) he was confined in a holding cell and did not receive recreation time. As to his challenge to recreational opportunities, there is no allegation that during the time period in question, Plaintiff could not perform exercises in his cell, including running in place, stretching, sit-ups, and push-ups. Further Plaintiff does not indicate that he suffered any injury as a result of the temporary lack of exercise opportunities. Consequently, the court concludes that the brief suspension of out-of-cell activity about which Plaintiff complains, without more, does not amount to a constitutional violation. *See Rhodes*, 452 U.S. at 347-49 (the Constitution does not mandate comfortable prisons, and the fact that prison conditions are sometimes harsh is part of the price that convicted individuals and pre-trial detainees must pay for their charged offenses); *see also French v. Owens,* 777 F.2d 1250, 1255 (7th Cir. 1985) (even severe restrictions on outdoor exercise do not violate the due process clause where detainees were allowed indoor activity); *Stewart v. McGinnis*, 800 F.2d 604, 614-16 (N.D. Ill. 1992) (no constitutional violation where inmates were not allowed to go outside for an 85 day period, but inmates were allowed to leave their cells, go to a dayroom, visit other cells and go to the bathroom), *aff'd,* 5 F.3d 1031 (7th Cir.1993); *Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986) (no Eighth Amendment violation where inmates confined to their cells for 23 hours a day for seven months and provided with only one hour of indoor exercise daily).

3. *The Anticipated Harm Claim*

To the extent Plaintiff expresses fear that he might need help from jail officials but

would be unable to alert them because the panic buttons in the jail cells are inoperable, the court concludes that this claim should be dismissed. Plaintiff's supposition that he might not be able to signal jail personnel about potential unidentified problems because of non-functioning panic buttons is insufficient to state a claim for relief under 42 U.S.C. § 1983. *See Conner v. Sticher*, 801 F.2d 1266 (11th Cir. 1986). "[T]he injury which his pleadings contemplate is fancied, not real; prospective, not actual, and imagined, not threatened." *Carter v. Heard*, 593 F.2d 10 (5th Cir. 1979). The law is well settled that jurisdiction cannot be premised upon mere speculation. *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985). Here, Plaintiff's claim of possible harm due to non-working panic buttons is purely speculative and devoid of constitutional merit. Consequently, his claim of anticipated harm is due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 23, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done this 10th day of May, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE